UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER NATHANIEL WASHINGTON,

        Plaintiff,

v.

YOUNG, et al.,

        Defendants.

No. 2:16-cv-1341 DB P

ORDER

Plaintiff is a state prisoner, proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983, alleging that prison authorities directed another inmate to physically assault him. (ECF No. 1.) Before the court are plaintiff's application to proceed in forma pauperis (ECF Nos. 3; 11) and the screening of plaintiff's complaint (ECF No. 1). Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 7.)

**I.**    **Motion to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos.3; 11.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess

1

an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

**A.     Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

**B.     Discussion**

Plaintiff generally alleges that defendants directed another inmate to physically attack him, which resulted in an orbital fracture of his left eye. (ECF No. 1 at 3-4.)

Plaintiff's complaint appears to state the following cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b):

(1)     Eighth Amendment claim for cruel and unusual punishment against defendants Young, Weeks, Haas, and Coen.

**1.     Institutional and Supervisory Defendants**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The complaint is not clear concerning the involvement of the warden of High Desert State Prison who is named as a defendant. It appears that plaintiff is only invoking the warden in his supervisory capacity and not because of any specific acts that the warden took that caused his injuries. For this reason, the court dismisses without prejudice, the warden as a defendant. Should plaintiff refile an amended complaint and name the warden as a defendant again, he must state more than vague and conclusory allegations of involvement of the warden in the incident from which plaintiff's claim arises.

1       Plaintiff's allegations concerning the California Correctional Peace Officers Association
2 (CCPOA) are also unclear.  As this is an institution representing correctional officers in labor
3 matters, it is unclear to the court how it took part in the actions that led to plaintiff's injuries.
4 Plaintiff does not allege that this institution took any specific action against him or that it played a
5 role whatsoever in the incident that gives rise to this claim.  Without details of an overt act that
6 this institution took to cause plaintiff injury, this defendant is dismissed without prejudice from
7 the action.  Should plaintiff file an amended complaint that names this institution as a defendant
8 he must identify specific acts that the institution took that caused him an injury and led to this
9 claim.

10       The court finds the allegations against the warden and CCPOA so vague and conclusory
11 that it is unable to determine whether the current action is frivolous or fails to state a claim for
12 relief.  The court has determined that the complaint does not contain a short and plain statement
13 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
14 policy, a complaint must give fair notice and state the elements of the claim plainly and
15 succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
16 allege with at least some degree of particularity overt acts which defendants engaged in that
17 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
18 R. Civ. P. 8(a)(2), the complaint as to these two defendants are dismissed without prejudice.

### 2. Retaliation or Interference with Access to Courts Claim

20       Plaintiff's first claim appears to be for retaliation or interference with access to the courts.
21 The claim recites the same basic facts as the second claim (i.e., defendants directed another
22 inmate to assault plaintiff), however, plaintiff adds that defendant Coen threatened him with
23 reprisal if plaintiff exercised his right to appeal the matter.  Because the claim is so vague and
24 conclusory, the court is unable to determine whether the current action is frivolous or fails to state
25 a claim for relief.  Specifically, the court cannot determine the cause of action, nor identify which
26 defendants the claim is directed towards.

27       Insofar as plaintiff may be asserting a claim for retaliation against defendant Coen and
28 others, it is well-established that prison inmates have a constitutional right to freedom from

retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005) (quoting Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995)).

A claim of unconstitutional retaliation brought by a prisoner has five elements. First, plaintiff must allege and show that he was engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Third, plaintiff must allege and demonstrate a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, the plaintiff must allege that the retaliatory action "'did not advance legitimate goals of the correctional institution.'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

Insofar as plaintiff is asserting that defendant Coen and/or others interfered with his right to bring a claim in the courts, the right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons'" to file civil actions that have a "'reasonable basis in law or fact.'" Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) and John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "'actual injury,' – that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis v. Casey, 518 U.S. 343, 348 (1996). See also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Nevada Dept. of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). If plaintiff chooses to proceed with this claim in an amended complaint, he must provide therein factual allegations that, if proven, would demonstrate that he suffered an actual injury under the standard set forth above.

////

**III. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 3; 11) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated cognizable Eighth Amendment claims for cruel and unusual punishment against defendants Young, Weeks, Haas, and Coen.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

5. If plaintiff chooses to file an amended complaint, he must submit a short and plain statement demonstrating how the conditions or actions complained of have resulted in a deprivation of his federal constitutional rights. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without any reference to any prior pleading. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Dated: September 27, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / wash.1341.scrn

7