UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>        Plaintiff,<br><br>   v.<br><br>YOUNG, et al.,<br><br>        Defendants. | No. 2:16-cv-1341 DB P<br><br>ORDER |

Plaintiff is a prisoner, proceeding pro se and in forma pauperis in an action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 7.) Presently before the court is plaintiff's motion to compel summons and service of process (ECF No. 16) and plaintiff's motion to appoint counsel (ECF No. 17).

**BACKGROUND**

Plaintiff initiated this action on June 16, 2016. (ECF No. 1.) On September 27, 2017, plaintiff's complaint was screened and found to state a claim for cruel and unusual punishment in violation of the Eighth Amendment against defendants Young, Weeks, Haas, and Coen. (ECF No. 20.) The court dismissed all other claims and defendants and gave plaintiff leave to amend. Plaintiff filed a motion for leave to amend his complaint by withdrawing those defendants and claims found to be non-cognizable. (ECF No. 23.) The court construed plaintiff's filing as

willingness to proceed on the complaint as screened and directed plaintiff to complete and return service documents so that the United States Marshall may serve defendants. (ECF No. 24.)

**DISCUSSION**

**I.     Plaintiff's Motion to Compel**

Plaintiff moved for an order to compel summons and service of process. (ECF No. 16.) In light of the court's most recent order (ECF No. 24) directing plaintiff to complete and submit service documents so that defendants may be served, plaintiff's motion to compel service will be denied as moot.

**II.     Plaintiff's Motion to Appoint Counsel**

In support of his motion to appoint counsel plaintiff argues he is indigent and is proceeding in forma pauperis, his imprisonment will limit his ability to litigate, the issues are complex and will require significant research and investigation, he has limited knowledge of the law and limited access to the law library. Additionally, counsel would enable him to present evidence and cross examine witnesses at trial, and he has made numerous attempts to obtain a lawyer. (ECF No. 17.)

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse its discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. See Wood, 900 F.2d at 1335-35.

At this stage of the proceedings, with only the plaintiff's allegations before the court, it cannot make a determination that plaintiff is likely to succeed on the merits. Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) ("Without some evidence that he is likely to succeed at trial, plaintiff fails to satisfy Wilborn's first factor."). Additionally, plaintiff's legal claim and the factual basis for his claim are not sufficiently complex to require the assistance of counsel. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994).

Plaintiff's complaint alleges defendants subjected himf to cruel and unusual punishment in violation of the Eighth Amendment when they solicited an inmate to physically assault him. Plaintiff has stated a cognizable Eighth Amendment claim, filed motions (ECF Nos. 16 and 17), and responded to directives from the court (ECF No. 23). Thus, plaintiff has shown he is able to articulate his claims pro se adequately. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's May 8, 2017 motion to compel summons and service of process (ECF No. 16) is denied as moot, and

2. Plaintiff's May 8, 2017 motion to appoint counsel (ECF No. 17) is denied.

Dated: October 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/orders/Prisoner-civil rights/wash.1341.mta