UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>YOUNG, et al.,<br><br>    Defendants. | No. 2:16-cv-1341 JAM DB P<br><br>ORDER AND ORDER TO SHOW CAUSE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. § 1983, alleging defendants violated his Eighth Amendment rights. Presently before the court is defendants' motion for sanctions and request to seal. (ECF No. 41.)

**I.   Background**

Plaintiff's complaint alleges that while he was an inmate at High Desert State Prison defendants directed another inmate to physically assault him in violation of the Eighth Amendment. (ECF No. 1.) Plaintiff attached as Exhibit B to his complaint a document purportedly written by inmate Howard Grissom stating Grissom was directed by defendant correctional officers to assault plaintiff and was rewarded for carrying out the assault. (ECF No. 1 at 10.) After defendants were served, they responded by filing a motion for terminating sanctions and a request to seal. (ECF No. 41.) They allege plaintiff forged the declaration of

Grissom attached to the complaint in an effort to defraud the court. Defendants attached a declaration purportedly signed by Grissom stating he did not write the declaration attached to plaintiff's complaint and that the signature affixed to it was not his. (ECF No. 41-2.) Defendants claim the declaration could be seen by inmates who have access to publicly filed court records, posing a safety risk to Grissom and jeopardizing the security of the institution where he is housed. (ECF No. 41-3.) Defendants request to seal the page of the complaint containing the declaration allegedly written and signed by Grissom. (ECF No. 41.)

Plaintiff's filings in response to defendants request do not indicate that he opposes the request to seal. (ECF Nos. 47, 48.) Plaintiff claims Grissom made the same statements in a declaration executed on December 18, 2015[1] and repeated those statements during a visit with a representative from the Prison Law Office in February 2016. (ECF No. 47.)

## II. Legal Standards

In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in

---

[1] Plaintiff attached a declaration that states it was written by Grissom and details claims similar to those made in the declaration attached to plaintiff's complaint. Defendants addressed this declaration in their reply (ECF No. 49), but did not request that it be sealed.

disclosure. Id. at 1179 (internal citations and alterations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz, 331 F.3d at 1136).

**III. Discussion**

Defendants have stated Grissom may become a target for assault by other inmates if the declaration remains viewable by the public. They have alleged facts showing that compelling reasons exist to seal the declaration because if viewed by inmates it could pose a safety risk to Grissom as well as the institution where he is presently housed. See Kamakana, 447 F.3d at 1184; Nursing Home Pension Fund v. Oracle Corp., 01-cv-0988 MJJ, 2007 WL 3232267 *2 (N.D. Cal. Nov. 1, 2007) (finding compelling reason to protect confidential witnesses from retaliation and harassment.).

Based on the information before it at this time and out of an abundance of caution, the court will grant defendant's request to seal. Additionally, plaintiff is instructed that if he intends to file similar documents in the future he should seek leave of the court or request to file them under seal in accordance with Local Rule 141. In granting the request to seal the court makes no determination regarding the authenticity of the declaration.

**IV. Show Cause Hearing**

Defendants moved for terminating sanctions based on Grissom's declaration that he did not write or sign the declaration attached to the complaint. (ECF Nos. 41, 41-2.) Plaintiff's response indicates that the information contained in the declaration is true and Grissom executed a separate declaration containing the same information in December 2015. (ECF No. 47.) After reviewing defendants motion for terminating sanctions (ECF No. 41) and plaintiff's response (ECF Nos. 47, 48), the court has determined it is necessary to have a hearing to show cause why plaintiff has not violated Rule 11. See Fed. R. Civ. P. 11(c)(3) (the court may, on its own motion order a hearing to show cause why conduct by a party has not violated Rule 11).

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. The court derives the power to impose sanctions on parties or their counsel

from three primary sources of authority, "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . and (3) the factual contentions have evidentiary support, or, if so specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Rule 11(c) provides for the imposition of appropriate sanctions for a violation of Rule 11(b) on any attorney, law firm or party that has violated the rule or is responsible for the violation committed. Any sanction imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

Further, "'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" Anheuser-Bushc, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). "[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Wyle, 709 F.2d at 589. "It is well-settled that dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . . ." Anheuser-Busch, Inc., 69 F.3d at 348.

At the hearing plaintiff will be required to show cause why his conduct in preparing and filing the declaration of Grissom attached to his complaint is not in violation of Rule 11 and why defendants' motion for terminating sanctions should not be granted.

////

4

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants notice of request to seal (ECF No. 51) is granted;

2. The Clerk of the Court shall seal the portion of plaintiff's complaint containing Grissom's declaration (ECF No. 1 at 10);

3. An order to show cause hearing is set before the undersigned on August 30, 2018, at 10:00 a.m in Courtroom 27;

4. Plaintiff, Grissom, and defense counsel shall make a personal appearance for the hearing on August 30, 2018;

5. The parties may submit supplemental briefing on the order to show cause hearing. If plaintiff chooses to file a supplemental brief, it shall be due no later than twenty-eight days before the show cause hearing. If defendants choose to file a supplemental brief, it shall be due no later than fourteen days before the show cause hearing; and

6. Separate orders and writs of habeas corpus ad testificandum will issue to obtain the presence of plaintiff and inmate Grissom at the hearing.

Dated: May 31, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-Civil rights/wash1341.seal