UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON, | No. 2:16-cv-1341 JAM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| YOUNG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights under the Eighth Amendment. Currently before the court is defendant's motion for terminating sanctions (ECF No. 41), plaintiff's opposition to defendant's motion for terminating sanctions (ECF Nos. 47, 48), and plaintiff's motion to appoint counsel (ECF No. 72). For the reasons set forth below the court will deny plaintiff's motion to appoint counsel and recommend that defendants' motion for terminating sanctions be denied.

**PLAINTIFF'S MOTION FOR RULING**

Plaintiff filed a motion requesting the court rule on defendants' motion for sanctions. (ECF No. 76.) The court will grant the motion and rule on defendants' motion for sanctions as set forth below.

**DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**

**I.     Procedural History**

Plaintiff initiated this action by filing the complaint on June 16, 2016. (ECF No. 1.) The court screened plaintiff's complaint, found that he stated a cognizable Eighth Amendment claim for cruel and unusual punishment against defendants Young, Weeks, Haas, and Coen. (ECF No. 20.) All other claims and defendants were dismissed and plaintiff was given the opportunity to file an amended complaint. Plaintiff responded by filing a motion for leave to amend his complaint by withdrawing those defendants and claims found to be non-cognizable. (ECF No. 23.) The court construed the motion as notice of plaintiff's willingness to proceed on the complaint as screened. (ECF No. 24.)

In response to service of the complaint, defendants filed a motion for terminating sanctions and request to seal. (ECF No. 41.) Therein they alleged a declaration purported to be that of inmate Howard Grissom and filed as an attachment to the complaint was fraudulent. After being directed to file a response, plaintiff filed both an opposition (ECF No. 48) and a motion to treat Howard Grissom as a hostile witness (ECF No. 47).

After reviewing defendants' motion (ECF No. 41), plaintiff's opposition (ECF Nos. 47, 48), and defendants' reply (ECF No. 49), the court ordered plaintiff, Grissom, and defense counsel to appear at a show cause hearing to determine whether defendants' motion should be granted. (ECF No. 53.) The court also granted the motion to seal out of an abundance of caution.

The court held a show cause hearing on the matter of defendants' motion for terminating sanctions on September 12, 2018. (ECF No. 71.) Plaintiff appeared pro se, and Sean Lodholz and Tracy Hendrickson appeared on behalf of defendants. Plaintiff testified on his own behalf. Howard Grissom testified on behalf of defendants.

**II.     Defendants' Argument in Support of their Motion for Sanctions**

Defendants' motion for terminating sanctions alleges that plaintiff submitted a fraudulent declaration purportedly written by inmate Howard Grissom as an exhibit attached to the complaint. (ECF No. 41.) Defendants assert that the declaration (ECF No. 1 at 10), was not

////

signed or written by Grissom.  In support of this assertion they filed a declaration from Grissom stating he did not sign or write the declaration attached to the complaint.  (ECF No. 41-2.)

Defendants argue that this action should be dismissed because monetary sanctions would have little or no effect and striking the declaration would leave plaintiff in the same position he would have been had he not attempted to defraud the court.  (ECF No. 41-1 at 3.)  However, they also acknowledge that they have not been significantly prejudiced by the declaration because they were able to uncover it early in the case.

**III.    Legal Standards**

Federal courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation.  The court derives the power to impose sanctions on parties or their counsel from three sources, (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927,[1] and (3) the court's inherent power.  Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence.  A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified.  See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987).  The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution."  Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

When evaluating the imposition of sanctions, Rule 11 requires the court to consider not whether the party demonstrated subjective good faith in filing the document, but whether the party acted objectively reasonably in doing so.  G.C. K.B. Investments v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).  "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction."  Fed. R. Civ. P. 11(c)(6).

Federal courts also have the inherent power to sanction parties or their attorneys for improper conduct.  Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991).  In order to impose

---

[1] This section is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings which his not applicable here.

sanctions pursuant to its inherent power, "the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). "Because of their very potency, inherent powers to sanction must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

"[O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion." Chambers, 501 U.S. at 45 (citation omitted). "It is well settled that dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . . ." Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995). The Ninth Circuit has held that falsifying evidence is a ground for imposing the sanction of dismissal. See Combs v. Rockwell Int'l Corp., 927 F.2d 486, 488 (9th Cir. 1991) (affirming dismissal as appropriate sanction for falsifying a deposition); Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983) (affirming dismissal where plaintiff's denials of material fact were knowingly false and plaintiff willfully failed to comply with discovery orders). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009) abrogated on other grounds by Bullard v. Blue Hills Bank, 135 S. Ct. 1686 (2015).

In determining whether to impose terminating sanctions the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curium); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

////

////

**IV.    Analysis**

At the outset, the court notes that sanctions may not be imposed under Rule 11. A motion for sanctions brought under Rule 11 has stringent notice and filing requirements. Rule 11 includes a strictly-enforced "safe harbor" provision. See Fed. R. Civ. P. 11(c)(2) ("The motion must be served . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."). See also Holgate v. Baldwin, 425 F.3d 671, 677-78 (9th Cir. 2005) (quoting Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998)) (sanctions cannot be awarded when "the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous"). Here, plaintiff claims defendants failed to comply with the safe harbor requirement prior to moving for sanctions (ECF No. 74), and there is nothing in the record to indicate otherwise.

The court next turns to the imposition of sanctions pursuant to its inherent authority. Defendants argued in their motion, and maintained at the hearing, that plaintiff attempted to defraud the court by preparing and signing the Grissom declaration and that alone demonstrates sufficient bad faith to warrant the imposition of terminating sanctions. In support of their argument, they rely on Uribe v. McKesson, No. 1:08-cv-1285 SMS PC, 2011 WL 3925077 (E.D. Cal. Sept. 7, 2011) (imposing terminating sanctions against pro se prisoner plaintiff for filing a false declaration in support of his motion for summary judgment). However, the court finds Uribe is distinguishable. In Uribe, the inmate plaintiff admitted he forged the signature and gave conflicting testimony regarding whether he had received permission to sign on the declarant's behalf. Id. at *2-4. There was also evidence in the record that the inmate plaintiff traced the declarant's signature from another legal document and the declarant testified that plaintiff attempted to pay the declarant money to mollify him when he raised issues with the forged declaration. Id.

At the hearing, defendants put on evidence showing that the signature on the challenged declaration was not visually similar to the signature Grissom identified as his own. They also presented evidence that the signature on the challenged declaration is visually similar to

1 plaintiff's handwriting and the document was prepared using the same typewriter used to prepare
2 plaintiff's other filings. Plaintiff argued that the visual difference in the signatures was the result
3 of Grissom printing his name on one declaration and signing in cursive writing on the other
4 declaration.

5       The defendants have not presented any additional evidence that would support a finding
6 that plaintiff acted in bad faith. Further, Grissom testified that he made the statements contained
7 in the declaration at some point. Plaintiff filed an additional declaration containing a signature
8 visually similar to the one Grissom identified as his own and containing substantially similar
9 allegations as the challenged declaration. (ECF No. 57 at 3.) Grissom also testified that a third
10 inmate, Michael Clark, typed up a declaration stating similar allegations while Grissom stood at
11 Clark's cell door, and Grissom voluntarily signed that declaration when it was finished.

12       While Grissom testified that some of the allegations contained in the challenged
13 declaration were untrue and stated to attain a transfer to a different prison, it does not appear that
14 the allegations contained in the declaration were fabricated by plaintiff for the purpose of
15 defrauding the court. Grissom indicated he made statements similar to those in the challenged
16 declaration and signed a similar declaration prepared by Clark. It is unclear how plaintiff learned
17 of Grissom's statements. However, the evidence presented at the hearing does not support a
18 finding that plaintiff fabricated the allegations. Instead, it appears plaintiff relied on the
19 declaration prepared by Clark that Grissom signed when he prepared the declaration attached to
20 the complaint. There is no evidence in the record that plaintiff knew the allegations contained in
21 the declaration were false at the time he submitted the complaint to the court or that he fabricated
22 the allegations contained therein.

23       Although the court has determined that there is not sufficient evidence in the record to
24 establish that plaintiff acted in bad faith, the challenged declaration (ECF No. 1 at 10), should be
25 stricken from the record. At the hearing, inmate Grissom denied signing the declaration attached
26 to the complaint and stated that some of the allegations contained in the declaration were lies he
27 told to receive a transfer to a different institution. The court can have no confidence in a
28 ////

declaration which the declarant himself disavows. See Masterson v. Killen, 1:11-cv-1179 DAD SAB PC, 2017 WL 892761 at *5 (E.D. Cal. Mar. 6, 2017).

Moreover, even if defendants had shown that plaintiff acted in bad faith, dismissal of this action as a sanction would not be appropriate in this instance. Defendants have acknowledged that they have not been prejudiced by the declaration (ECF No. 41-1 at 3), public policy always weighs in favor of a disposition on the merits, and the less drastic sanction of striking the challenged declaration is an adequate remedy. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (The factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.).

Because it appears that defendants failed to comply with the safe harbor provision of Rule 11 and did not put forth sufficient evidence to show that plaintiff acted in bad faith, the court will recommend that defendants' motion for sanctions be denied.

**PLAINTIFF'S MOTION TO TREAT GRISSOM AS A HOSTILE WITNESS**

After plaintiff was directed to file a response to defendants' motion for terminating sanctions, plaintiff filed a motion requesting to treat Howard Grissom as a hostile witness (ECF No. 47) concurrently with his opposition. Upon review of the motion, it appears that the substance of this filing contains additional arguments in opposition to the motion for terminating sanctions. To the extent plaintiff's motion was a request to question Grissom regarding the claim that Grissom did not write or sign the declaration attached to the compliant, it was granted when plaintiff was permitted to cross-examine Grissom during the show cause hearing. To the extent plaintiff's motion contained arguments in opposition, the court has read and considered them. Accordingly, the motion will be denied as moot.

**PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff filed a motion to appoint counsel on September 8, 2018.[2] (ECF No. 72.) Plaintiff requested the assistance of counsel during the show cause hearing; however, the motion

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

did not appear on the docket until after the show cause hearing. Plaintiff argued the court should appoint counsel because his appearance at the hearing was an exceptional circumstance and he could not articulate his claim pro se in light of the complexity of the legal issues involved. (ECF No. 72.)

The court previously found that plaintiff's filings indicated he was adequately able to articulate his claims in this action and denied plaintiff's request to appoint counsel to assist plaintiff during the hearing. (ECF No. 64.) The court will deny as moot plaintiff's motion because the court previously found plaintiff did not require the assistance of counsel at the hearing and the motion was not received before the hearing.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OBJECTION**

Following the hearing, plaintiff filed a motion to object to the undersigned making a handwriting analysis based on exhibits used during the show cause hearing. (ECF No. 73.) Plaintiff also filed a document captioned "Request leave to file notice of Motion and Motion to Object to there not being an example of the Witnesses Mr. Grissom's printing to compare to the printing on defenses exhibit 001." (ECF No. 74.) Defendants filed an opposition to the motions arguing that any objections were premature because the court had not yet issued findings and recommendations on the underlying motion for sanctions. (ECF No. 75.) The court will deny the motion without prejudice as premature. Plaintiff may file objections to the court's ruling on the motion for sanctions based on the findings and recommendations set forth above.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for ruling (ECF No. 76) is granted;
2. Plaintiff's motion to treat Grissom as a hostile witness (ECF No. 47) is denied;
3. Plaintiff's motion to appoint counsel (ECF No. 72) is denied; and
4. Plaintiff's motion for leave to file an objection (ECF No. 74) is denied.

IT IS HEREBY RECOMMENDED that:

1. The declaration submitted with the complaint (ECF No. 1 at 10) be stricken from the record; and

8

2. Defendants' motion for terminating sanctions (ECF No. 41) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Civil rights/wash1341.mot.sanct.hrg